UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
BERNARDO FLEURIMA and BIANCA ESTY,

                          Plaintiffs,             **SECOND AMENDED COMPLAINT**

   -against-

                                                  PLAINTIFFS DEMAND
THE CITY OF NEW YORK, POLICE OFFICER     TRIAL BY JURY
RYAN O'CONNOR, Shield #362, POLICE OFFICER
CHRISTOPHER MCKENNA, Shield # 31940, POLICE   Case No.: 15-cv-2616
OFFICERS JOHN/JANE DOE(S) #s 1-10,

                        Defendants.
_____X

      Plaintiffs BERNARDO FLEURIMA and BIANCA ESTY, for their second amended complaint, by their attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully allege as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs BERNARDO FLEURIMA (hereinafter "FLEURIMA") and BIANCA ESTY (hereinafter "ESTY") seek damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It is alleged that Defendants falsely arrested with excessive force FLEURIMA and ESTY, and caused damage to FLEURIMA's property. As a result of the excessive force used by Defendants, Plaintiffs suffered physical and mental injuries.

### II. PARTIES

2. Plaintiffs at all times relevant hereto resided in Brooklyn, NY.

3. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

4. Defendant POLICE OFFICER RYAN O'CONNOR, Shield #362 (hereinafter "O'CONNOR" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. O'CONNOR is sued in his official and individual capacity.

5. Defendant POLICE OFFICER CHRISTOPHER MCKENNA, Shield # 31940 (hereinafter "MCKENNA" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. MCKENNA is sued in his official and individual capacity.

6. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of his employment. DOE(S) are sued in his official and individual capacity.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances,

2

regulations, policies, customs and usages of the State of New York and/or the City of New York.

### III. FACTS

8. On or about September 11, 2014, at approximately 1:30 p.m., FLEURIMA was driving a rental vehicle at or near the intersection of Flatbush Avenue and Clarendon Road in Brooklyn, NY.

9. Defendant officers, including but not limited to O'CONNOR, stopped FLEURIMA. Defendants approached the vehicle FLEURIMA was driving and detained FLEURIMA.

10. Defendants arrested FLEURIMA and transported him to the 70th Precinct.

11. Defendants detained FLEURIMA at the precinct for approximately three hours.

12. Defendants took property from FLEURIMA, including but not limited to keys and a gift card. This property was not returned to FLEURIMA.

13. After approximately three hours, FLEURIMA was given a Desk Appearance Ticket to return to court on January 16, 2015 on a charge of PL 221.10(1) Criminal Possession of Marihuana in the fifth degree.

14. Upon information and belief, all charges against FLEURIMA were dismissed on or about January 16, 2015.

15. Upon information and belief, FLEURIMA filed a complaint with IAB regarding this arrest.

16. On or about November 9, 2014, at approximately 10:00 p.m., FLEURIMA was driving a vehicle registered in his name at or near the intersection of Church Avenue and 21st Street in Brooklyn, NY. ESTY was a passenger in the vehicle.

17. Defendant officers, including but not limited to O'CONNOR and MCKENNA, stopped FLEURIMA. Defendants approached the vehicle FLEURIMA was driving and detained FLEURIMA and ESTY.

18. Defendants, including but not limited to O'CONNOR and MCKENNA, hit the vehicle with an object, causing damage to the vehicle.

19. Defendants, including but not limited to O'CONNOR and MCKENNA, assaulted Plaintiffs, including but not limited to spraying mace in the vehicle.

20. As a result of the assault, FLEURIMA treated at New York Methodist Hospital for injuries including but not limited to his head.

21. Upon information and belief, on or about September 21 2015, FLEURIMA was arrested on charges of P.L. 120.20 Reckless Endangerment in the Second Degree, P.L. 195.05 Obstructing Governmental Administration in the Second Degree, VTL 1151 (A) Pedestrian's Right of Way in Crosswalk and VTL 1212 Reckless Driving.

22. Upon information and belief, Defendants including but not limited to O'CONNOR and MCKENNA, fabricated facts regarding the November 9, 2014 incident, withheld evidence from the prosecutor and provided false or misleading information to the prosecutor.

23. In addition, it is alleged this arrest and prosecution was effectuated to retaliate against Plaintiff FLEURIMA both for the initial IAB complaint against O'CONNOR and the initiation of this action.

24. On the 4th day of December, 2014, FLEURIMA and ESTY's Notices of Claim and Intention to sue were duly served upon and filed with the CITY; said Notices were filed within ninety (90) days after the cause of action herein accrued and set forth the nature of

the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

25. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## IV. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

26. Paragraphs 1 through 25 of this complaint are hereby realleged and incorporated by reference herein.

27. That Defendants had neither valid evidence for the arrest of FLEURIMA and ESTY nor legal cause or excuse to seize and/or detain them.

28. That in detaining FLEURIMA and ESTY without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. FLEURIMA and ESTY were but two of those persons.

29. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

30. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a

5

policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

31. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FLEURIMA and ESTY's rights alleged herein.

32. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FLEURIMA and ESTY's rights, subjected FLEURIMA and ESTY to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

33. By reason of the foregoing, FLEURIMA and ESTY suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

V. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36. That Defendants had no legal cause or reason to use excessive force in effectuating FLEURIMA and ESTY's arrests.

37. That Defendants violated FLEURIMA and ESTY's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

38. That at the time of the arrest or while in custody, FLEURIMA and ESTY did not pose a threat to the safety of the arresting officers.

39. That FLEURIMA and ESTY were not actively resisting arrest or attempting to evade arrest.

40. That defendant CITY, through its officers, agents, and employees, unlawfully subjected FLEURIMA and ESTY to excessive force while effectuating his arrest.

41. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of FLEURIMA and ESTY's rights, subjected FLEURIMA and ESTY to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of FLEURIMA and ESTY's civil rights, including but not limited to the right to be free from the application of excessive force.

44. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

45. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FLEURIMA and ESTY's rights alleged herein.

48. By reason of the foregoing, FLEURIMA and ESTY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That Defendants failed to intervene when Defendants knew or should have known that FLEURIMA and ESTY's constitutional rights were being violated.

51. That Defendants had a realistic opportunity to intervene on behalf of FLEURIMA and ESTY, whose constitutional rights were being violated in their presence.

52. That a reasonable person in the Defendants' position would know that FLEURIMA and ESTY's constitutional rights were being violated.

53. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FLEURIMA and ESTY's rights, deprived FLEURIMA and ESTY of their liberty when they failed to intervene to protect them from Defendants' violation of FLEURIMA and ESTY's rights pursuant to Fourteenth Amendment of the United States Constitution.

54. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from violations of Constitutional rights by police officers. Thus, as a result of the above described policies and customs, FLEURIMA and ESTY were not protected from Defendants' unconstitutional actions.

55. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

56. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of FLEURIMA and ESTY's rights alleged herein.

58. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

59. That by reason of the foregoing, FLEURIMA and ESTY suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

60. Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

62. That at all times Defendants were acting within the scope of their employment.

63. That Defendant CITY was able to exercise control over Defendants activities.

64. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, FLEURIMA and ESTY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. That Defendants intended to cause harmful bodily contact to FLEURIMA and ESTY.

67. That defendant Defendants, in a hostile manner, voluntarily caused FLEURIMA and ESTY'S injuries.

68. That Defendants' contact with FLEURIMA and ESTY constituted a battery in violation of the laws of the State of New York.

69. That by reason of the foregoing, FLEURIMA and ESTY suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
Pursuant to State Law (CONVERSION/PROPERTY DAMAGE)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. At the time of his arrest on November 9, 2014, FLEURIMA was in possession of his vehicle.

72. On or about November 9, 2014, Defendants damaged plaintiff's property.

73. That by reason of the foregoing, FLEURIMA suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (RETALIATION)

74. Paragraphs 1 through 73 are hereby realleged and incorporated by reference herein.

75. That Defendants, detained/arrested FLEURIMA to punish him for filing an IAB complaint as well as initiating this action.

76. That Defendants, commenced a prosecution against FLEURIMA in September 2015 to punish him for filing this civil action against them.

77. That there was no reasonable suspicion for the vehicle stop.

78. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FLEURIMA'S rights, deprived FLEURIMA of his liberty when they prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

79. That upon information and belief, Defendants had a policy and/or custom of retaliatory prosecution of individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, FLEURIMA was prosecuted in retaliation, despite the fact that he had committed no violation of the law.

80. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents

11

81. and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

81. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

82. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FLEURIMA's rights alleged herein.

83. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

84. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

85. That by reason of the foregoing, FLEURIMA suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

XII. EIGHTH CAUSE OF ACTION
Pursuant to 1st Amendment (RETALIATION)

86. Paragraphs 1 through 85 are hereby realleged and incorporated by reference herein.

87. That Defendants, detained/arrested FLEURIMA in September 2015 to punish him for filing this civil action against them and for filing an IAB complaint.

88. That Defendants, commenced a prosecution against FLEURIMA in September 2015 to punish him for filing this civil action against them.

89. There was no reasonable basis upon which FLEURIMA was arrested in September 2015.

90. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FLEURIMA'S rights, deprived FLEURIMA of his liberty when they prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

91. That by reason of the foregoing, FLEURIMA suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to their reputations, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and companionship.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from September 11, 2014 and

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
October 20, 2015

_____
DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072